**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **V.** | ) | **CASE NO.:**   2:18-CR-00116-MHT-CSC |
| | ) | |
| **G. FORD GILBERT,** | ) | |
| **MARTIN J. CONNERS, and** | ) | |
| **RANDALL M. DAVIS,** | ) | |
| | ) | |
| **Defendant** | ) | |

**JOINT REPORT ON EVIDENTIARY ISSUES
RAISED IN MOTIONS IN LIMINE OR OTHERWISE**

In accordance with this Court's Order of August 1, 2018 (Doc. 90), the parties have met to discuss and attempted to resolve all motions in limine and written evidentiary objections.  The following report is being submitted by the parties following that meeting and includes a statement of all issues jointly resolved by the parties, as well as a detailed written statement of each and every issues which the parties were unable to resolve, and which will require further consideration by the Court.

**Defendant Connors' Motion in Limine (Doc. 119)**

1.  The parties have no objections to the evidence sought to be excluded in Doc. 119.

**Defendant Davis' Motion in Limine (Doc. 130)**

2.  The parties have no objections to the evidence sought to be excluded in Doc. 130, other than as it relates to the adoption of Gilbert's motion in limine and the specific issues set forth below.

**Defendant Gilbert's Motions in Limine (Doc. 120 and Doc. 122):**

3. The Court has entered an order (Doc. 172) denying the relief requested in Doc. 120

4. The parties have no objections to the evidence sought to be excluded in Paragraph 1 of Doc. 122.

5. The parties have no objections to the evidence sought to be excluded in Paragraph 2 of Doc. 122.

6. The parties have no objections to the evidence sought to be excluded in Paragraph 3 of Doc. 122.

7. The parties have no objections to the evidence sought to be excluded in Paragraph 4 of Doc. 122 with the exception that Defendant Gilbert's prior grand jury testimony may be used for impeachment purposes in the event Defendant Gilbert testifies during the trial of this case.

8. The parties have no objections to the evidence sought to be excluded in Paragraph 5 of Doc. 122.  The parties further agree and stipulate the parties are permitted to communicate to the jury through testimony and/or argument that BC/BS of Alabama denied coverage because the outpatient insulin therapy, Artificial Pancreas Treatment, submitted for review does not meet BC/BS of Alabama's medical criteria for coverage and will continue to be considered investigational.  The parties further agree and stipulate any defendant, or witness, pursuant to the rules of evidence, is permitted to offer their honestly held beliefs with regard to the treatment offered by Trina and its' associated clinics, as same goes to state of mind and/or intent.

9. The parties have no objections to the evidence sought to be excluded in Paragraph 6 of Doc. 122.  The parties further agree and stipulate the parties are permitted to communicate to the jury through testimony and/or argument that BC/BS of Alabama denied coverage

because the outpatient insulin therapy, Artificial Pancreas Treatment, submitted for review does not meet BC/BS of Alabama's medical criteria for coverage and will continue to be considered investigational. The parties further agree and stipulate any defendant, or witness, pursuant to the rules of evidence, is permitted to offer their honestly held beliefs with regard to the treatment offered by Trina and its' associated clinics, as same goes to state of mind and/or intent.

10. The Government objects to the evidence sought to be excluded in Paragraph 7 of Doc. 122 and respectfully requests this Court resolve this evidentiary issues.  Defendant Connors objects to the evidence sought to be excluded in Paragraph 7 of Doc. 122 and respectfully requests this Court resolve this evidentiary issues.

**Government's Detailed Statement concerning Doc. 122, Paragraph 7**

11. Defendant G. Ford Gilbert asks that the Court exclude "[a]ny and all evidence or reference to communications, meetings, conferences, etc. involving Trina [Health] and BC/BS Alabama relating to the coverage determination for the artificial pancreas treatment protocol."  Doc. 122 at 2, ¶ 7.  In making this request, Gilbert appears to rely on Rules 401, 402, and 403 of the Federal Rules of Evidence.  The following first addresses Gilbert's Rule 401 and 402 argument and then turns to the one rooted in Rule 403.

**Rules 401 and 402**

12. Rule 402 provides that all relevant evidence is admissible.  Fed. R. Evid. 402.  Rule 401, in turn, defines relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence," provided that "the fact is of consequence in determining the action."  Fed. R. Evid. 401(a)–(b).  The evidence Gilbert wishes excluded meets this low bar of admissibility.

13. At trial, the government will introduce evidence establishing that, from May of 2015 through February of 2016, Gilbert engaged in a prolonged and occasionally hostile dispute with Blue Cross Blue Shield of Alabama (BCBS-AL). During the course of this dispute, Gilbert attended two meetings with BCBS-AL officials and sent a plethora of emails to those officials. While engaging directly with the BCBS-AL officials, Gilbert and those working for him also solicited the help of Co-defendant Randy Davis and other legislators in an attempt to coerce BCBS-AL to change its position regarding coverage of the diabetes treatment provided at clinics affiliated with Gilbert's company. In November of 2015, Gilbert developed a plan to introduce into the Alabama Legislature legislation that would require BCBS-AL to cover the treatment at issue should the negotiations prove fruitless. Gilbert subsequently implemented that plan in February of 2016. That legislation is at the core of the government's case.

14. The evidence of Gilbert's pre-February of 2016 dealings with BCBS-AL and his communications regarding those dealings will demonstrate Gilbert's strong desire and motive to coerce BCBS-AL to cover his treatment. That Gilbert was strongly motivated to force BCBS-AL to change its position will make it more likely that Gilbert was willing to turn to bribery to bring about this result. Additionally, evidence that Gilbert engaged legislators—including Gilbert's co-conspirators, Davis and Micky Hammon—in lobbying and strategizing regarding the lobbying of BCBS-AL will make it more likely that Gilbert then engaged Davis, Hammon, and others to help him push the legislation through. And, whether Gilbert engaged Davis and Hammon through bribery will be the central issue at the trial.

**Rule 403**

15. Gilbert also makes passing reference to Rule 403.  However, Gilbert offers no basis for concluding that the evidence regarding his dealings with BCBS-AL would cause him any undue prejudice.

16. Defendant Gilbert supplements the argument presented in Doc. 122, Paragraph 7 by specifically advising the Court that Gilbert will stipulate that HB415 is at the core of the Government's case and would additionally stipulate that Defendant Gilbert was highly motivated to see that that legislation enacted into law.  See Old Chief v. U.S. 519 U.S. 172 (1997) ("Although ... 'propensity evidence' is relevant, the risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment—creates a prejudicial effect that outweighs ordinary relevance." United States v. Moccia, 681 F.2d 61, 63 (C.A.1 1982)).  Gilbert's motivation to see legislation passed that would benefit all individuals suffering from diabetes has nothing to do with whether or not Defendant Gilbert bribed or attempted to bribe Micky Hammon as alleged in the Indictment, especially since his motivation is conceded.

17. The United States desires to paint Mr. Gilbert as "hostile" by discussing his interactions with BCBS prior to the denial of coverage determination, interactions which would be unfairly prejudicial under Rule 403 and which are not probative to the jury on the issue of whether Mr. Gilbert committed bribery.  Additionally, as the Defendant is willing to stipulate that BCBS denied coverage for the artificial pancreas treatment (APT), forming the basis of his motivation for HB415 to pass; it would be a waste of time, cause undue delay, and cause both parties to call numerous witnesses to address an issue both parties already agree on while enflaming the jury.  See Old Chief at 179-180. Just as in Old Chief where the jury only needed to know defendant had a prior conviction, here all the jury

needs to know is that BCBS denied coverage for the artificial pancreas treatment procedure.

18. The probative value of permitting the Government to introduce evidence of this character is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, and would result in considerable unnecessary delay, waste of time, and needless presentation of cumulative evidence.  Furthermore, the introduction of evidence of this character constitutes an end run on Rule 402's prohibition against the admissibility of character evidence by the government and is tantamount to allowing impeachment evidence for the sole purpose of inflaming the jury.

19. The Government objects to the evidence sought to be excluded in Paragraph 8 of Doc. 122 and respectfully requests this Court resolve this evidentiary issues.

**Government's Detailed Statement concerning Doc. 122, Paragraph 8**

20. The defendant asks that the Court exclude evidence regarding his unpaid debt to the Securities and Exchange Commission (SEC).  Previously, the government provided Gilbert with notice of its intent to introduce such evidence pursuant to Rule 404(b) of the Federal Rules of Evidence.  In doing so, the government provided Gilbert with all available documents from the SEC action, including the judgment.  And a record from the SEC confirming that the debt remained unpaid 20 years after the conclusion of the litigation. The government contends that Gilbert's unpaid debt to the SEC provides evidence of his motive to seek to generate revenue through his business.  Gilbert's desire to generate revenue, in turn, is evidence of his motive to engage in the alleged offenses.

21. Defendant Gilbert supplements the argument presented in Doc. 122, Paragraph 8 by stating that a civil monetary judgment imposed by the Securities and Exchange Commission

approximately 20 years ago does not constitute a prior crime, wrong, or other act as described in Rule 404(b) of the Federal Rules of Evidence.  The Government's sole purpose is seeking to introduce this evidence is to establish Gilbert's bad character.  Additionally, such evidence does not help establish Defendant Gilbert's motive in the current case or establish opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident as permitted under the Rule.

22. The parties have no objections to the evidence sought to be excluded in Paragraph 9 of Doc. 122.

23. The parties have no objections to the evidence sought to be excluded in Paragraph 10 of Doc. 122.  It should be noted that the defendants were provided with additional discovery as late as December 11, 2018 and are still waiting to receive Brady/Giglio evidence related to co-defendant Jack Williams pre-trial diversion agreement in the original indictment in this matter.

**Government's Motion in Limine (Doc. 60):**

24. The parties have no objections to the evidence sought to be excluded in Paragraph 1 of Doc. 60 as that pertains to each of the named defendants in this case.  The parties specifically reserve the right and are permitted to communicate to the jury through testimony and/or argument sentencing issues involving cooperating witnesses who have entered into plea agreements, entered guilty pleas, entered pre-trial diversion agreements, and who are awaiting or have been sentenced in any court for conduct that bears on their character and credibility in this matter.

25. The defendants objects to the evidence sought to be excluded in Paragraph 2 of Doc. 60 and respectfully requests this Court resolve this evidentiary issues.

26. Although the government initially agreed to limit this limine motion to evidence related to defendant Gilbert's daughter, Trina, the government now rests on the arguments it presented in the motion in limine and asks that the Court exclude all "improper character evidence".

**Gilbert's Detailed Statement concerning Doc. 60, Paragraph 2**

27. The Government requests the Court to exclude counsel and/or any witness from eliciting any biographical, financial, emotional or health-related information about the defendants or members of their family. Doc. 60 at 1, Paragraph 2.  The Government relies on Rule 401, 402, and 403 of the Federal Rules of Evidence in making this request, claiming that such evidence is irrelevant, misleading, and unfairly prejudicial to the government.

28. Initially, Gilbert challenges the Government's characterization of this evidence as "character" evidence.  Gilbert asserts that evidence sought to be excluded by the Government goes to his state of mind and constitutes the principle motive for opening Trina clinics – to treat people with diabetes with the same degree of success he realized while treating his daughter, Trina.  Ford Gilbert possesses a good faith belief in the treatment offered by Trina and was motivated by a desire to successfully treat individuals suffering from diabetes rather than a yearning for accolades or personal wealth.  Gilbert intends to elicit testimony detailing the origins of Trina, its mission, how it was founded, including testimony concerning his daughter and the efforts Gilbert undertook to treat her diabetes.

**Rule 404. Character Evidence**

29. Rule 404(a) prohibits the introduction of character evidence by the Government to establish guilty or to improperly influence the jury as to the guilt of the defendant.  Rule

404(a)(2)(A), however, permits the defendant to offer evidence of a particular trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it.

**Rule 401, 402, and 403**

30. Rule 402, Federal Rules of Evidence, simply states:  Relevant evidence is admissible. Irrelevant evidence is not admissible.  Rule 401, Federal Rules of Evidence, provides the following test:  "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

31. In the often-cited case of *Michelson v. U.S.*, 335 U.S. 469 (1948), the U.S. Supreme Court stated the following about the defendant's right to the introduction of character evidence "He may introduce affirmative testimony that the general estimate of his character is so favorable that the jury may infer that he would not be likely to commit the offense charged. This privilege is sometimes valuable to a defendant for this Court has held that such testimony alone, in some circumstances, may be enough to raise a reasonable doubt of guilt and that in the federal courts a jury in a proper case should be so instructed."  Citing *Edgington v. United States*, 164 U.S. 361 (1896)

32. The general rule thus allows for the introduction of character evidence by the defendant, subject to the sound discretion of the Court.  Therefore, it is proposed by Gilbert that such evidence be admitted subject to a ruling by the Court, out of the presence of the jury and prior to the introduction of same.

33. The parties have no objections to the evidence sought to be excluded in Paragraph 3 of Doc. 60.  The parties further agree and stipulate the parties are permitted to communicate to the jury through testimony and/or argument that BC/BS of Alabama denied coverage

because the outpatient insulin therapy, Artificial Pancreas Treatment, submitted for review does not meet BC/BS of Alabama's medical criteria for coverage and will continue to be considered investigational.  The parties further agree and stipulate any defendant, or witness, pursuant to the rules of evidence, is permitted to offer their honestly held beliefs with regard to the treatment offered by Trina and its' associated clinics, as same goes to state of mind and/or intent.

34. Defendant Gilbert reserves the right to recognize the distinction between ATP (artificial pancreas treatment) and OIVIT (outpatient intravenous insulin infusion therapy) in testimony or argument without going into the science involved in each.

35. Gilbert objects to the evidence sought to be excluded in Paragraph 4 of Doc. 60 and respectfully requests this Court resolve this evidentiary issues.

**Gilbert's Detailed Statement concerning Doc. 60, Paragraph 4**

36. The Government requests the Court to exclude "any reference to improper "good character" evidence on behalf of the defendant."  Doc. 60 at 3, Paragraph 4.  The Government relies on Rule 404(a) and Rule 608(b) in support of their position that certain images provided in discovery by Gilbert are tantamount to specific acts of good character and are thus excluded from the general rule concerning the defendant's right to introduce character evidence of a particular trait.  The government takes the position that "evidence and argument pertaining to the defendant's good character at trial is inadmissible."

37. Defendant Gilbert understands that extrinsic evidence is not admissible to prove specific instance of a witness's conduct in order to support the witness's character for truthfulness, as set forth in Rule 608(b), Federal Rules of Evidence.  However, the introduction of a community service award or evidence of military service would not be introduced to bolster

Gilbert's character for truthfulness but would instead be introduced to show loyalty, responsibility, compassion, generosity, self-discipline or courageousness.

**Miscellaneous Evidentiary Issues**

38. The parties discussed the following additional evidentiary issues:

**Evidence that Inv. Tynan testified falsely before the grand jury in this case.**

39. The parties have no objection to the introduction of evidence of this character as impeachment evidence during the testimony of Inv. Tynan.

**Government Exhibits**

40. The government has submitted to the parties a preliminary Exhibit List containing approximately 500 possible exhibits.  There are a number of the included exhibits which would be subject to exclusion based on the agreement of the parties as to the previously filed motions in limine listed above.  The defendants are vigorously working through the list of proposed exhibits and will submit a list of those which they believe should be excluded based on the agreement of the parties relative to the motions in limine listed above.

41. The government has indicated a substantially smaller exhibit list will be made available to defense counsel in accordance with the Court's scheduling order.  The parties agree that any exhibits deemed excludable as a result of the agreement of the parties relative to the motions in limine will be brought to the Court's attention at the earliest possible date.

**Redacted Superceding Indictment**

42. The parties agree that portions of the Superceding Indictment may need to be redacted as a result of the agreement of the parties relative to the motions in limine.  The parties are working on proposed redactions and will submit them to the Court for consideration at the earliest possible date

RESPECTFULLY SUBMITTED,

*l/s Michael P. Hanle*
Michael P. Hanle
2320 Arlington Avenue South
Birmingham, AL 35205
Telephone:     (205) 930-9717
Email:          mhanle@rjaffelaw.com

*l/s Brett Knight*
Brett Knight
2320 Arlington Avenue South
Birmingham, AL 35205
Telephone:     (205) 930-9800
Email:          bknight@rjaffelaw.com

*l/s Richard S. Jaffe*
Richard S. Jaffe
2320 Arlington Avenue South
Birmingham, AL 35205
Telephone:     (205) 930-9800
Email:          rjaffe@rjaffelaw.com

*l/s Michael W. Whisonant*
Michael W. Whisonant
2320 Arlington Avenue South
Birmingham, AL 35205
Telephone:     (205) 930-9800
Email:          mwhisonant@rjaffelaw.com

Attorneys for G. Ford Gilbert.

Jaffe, Hanle, Whisonant & Knight, P.C.


/s Algert S. Agricola, Jr.
Algert S. Agricola, Jr. (ASB-0364-r79a)
60 Commerce Street, Suite 1400
Montgomery, AL 36104
Telephone:    (334) 834-5290
Email:        aagricola@rdafirm.com

Counsel for Randall M. Davis
RYALS & AGRICOLA, P.C.


/s/ Benjamin J. Espy
Benjamin J. Espy
Post Office Drawer 5130
Montgomery, AL 36103
Telephone: 334-263-6621
bespy@mewlegal.com

/s/ Joseph C. Espy
Joseph C. Espy, III
Post Office Drawer 5130
Montgomery, AL 36103
Telephone: 334-263-6621
jespy@mewlegal.com

/s/ William M. Espy
William M. Espy
Post Office Drawer 5130
Montgomery, AL 36103
Telephone: 334-263-6621
wespy@mewlegal.com

Attorneys for Martin J. Connors
MELTON, ESPY & WILLIAMS, P.C.


FOR THE UNITED STATES ATTORNEY
LOUIS V. FRANKLIN, SR.

/s/Jonathan S. Ross
Jonathan S. Ross
Assistant United States Attorney
131 Clayton Street

Montgomery, Alabama 36104
Phone: (334) 223-7280
E-mail: jonathan.ross@usdoj.gov

*/s/ Joshua J. Wendell*
JOSHUA J. WENDELL
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Telephone: (334) 551-1789
E-mail: josh.wendell@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of December, 2018, I have served a copy of the foregoing by electronically filing same using the CM/ECF electronic filing system.

/s/  Michael P. Hanle
**MICHAEL P. HANLE**